UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW NICKOLAUS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:16-cv-02035-TWP-DML |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). For the reasons explained below, Petitioner Andrew Nickolaus' Motion for Relief pursuant to 28 U.S.C. § 2255 fails this test and the action must therefore be dismissed.

**Background**

Nickolaus was convicted of Count 1: distribution and receiving child pornography and Count 2: possession of child pornography in Case No. 1:12-cr-93-TWP-MJD. His convictions were based on his plea of guilty pursuant to the terms of a plea agreement he had reached with the United States. The court accepted Nickolaus' plea, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure.* In doing so, the court found that Nickolaus was entering his plea of guilty knowingly and voluntarily and that he understood the consequences of his plea. On March 7, 2013, Nickolaus was sentenced to concurrent terms of 210 months and 87 months imprisonment, concurrent. Among other provisions, the plea agreement provided that Nickolaus waived his right to appeal his conviction and sentence and expressly agreed not to

contest, or seek to modify, his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255. Nickolaus' judgment of conviction was entered on the clerk's docket on March 13, 2013. The waiver was contingent upon the court accepting the plea agreement under Rule 1(c)(1)(B) and sentencing defendant to a term of imprisonment of **327 months or any lesser term**. (Case No. 1:12-cr-93-TWP-MJD, *see* Dkt. No. 337 at 7). Although no timely notice of appeal was filed, Nickolaus' filing of December 16, 2013 was treated as a notice of appeal and was ultimately dismissed as untimely.

Nickolaus previously filed a motion for relief pursuant to 28 U.S.C. § 2255. This prior action was docketed as No. 1:15-cv-1514-TWP-DKL and was dismissed with prejudice in a Judgment entered on the clerk's docket on June 14, 2016.

## Discussion

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). The disposition of the prior § 2255 action in No. 1:15-cv-1514-TWP-DKL was an adjudication "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

In enacting the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress altered the method by which prisoners may obtain relief on a second or successive § 2255 motion. Pursuant to the AEDPA:

> No . . . district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Paragraph 8 of Section 2255 begins: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." The "motion" to which this language refers must be the kind of motion described by § 2255 ¶ 1--one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Valona v. United States,* 138 F.3d 693 (7th Cir. 1998).

This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'"

With the prior § 2255 action having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.*

## Conclusion

This action is dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue. The **clerk is directed** to docket a copy of this Entry in the underlying criminal action, No. 1:12-cr-93-TWP-MJD-1.

Date: 8/9/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANDREW NICKOLAUS
10457-028
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105